PER CURIAM.
Because, as the State candidly admits, the record before us raises serious questions as to the defendant’s competency to understand the proceedings against him and to assist his counsel at the time of sentencing,[1] we believe the trial court, despite its understandable displeasure with the defendant’s disruptive behavior, erred in rejecting defense counsel’s request that his client be psychiatrically evaluated before sentencing.' We thus reverse the sentence and remand the cause for the purpose of having the defendant evaluated to determine his competency to be sentenced, and if the court thereafter finds that no competency hearing is required or, after hearing, determines that the defendant is competent, it may proceed to resentence the defendant. See generally Hill v. State, 473 So.2d 1253 (Fla.1985). We reject, without further discussion, the defendant’s claim that because these were his eleventh and twelfth convictions for tampering with a parking meter, it was improper to sentence him as a second offender under Section 877.08(4), Florida Statutes (1983).[2]
Reversed and remanded.
HUBBART and DANIEL S. PEARSON, JJ., concur.

. Defendant’s competency or lack thereof at the time of his trial has not been raised as an issue on appeal.

. The statute provides:
"Whoever violates the provisions of subsection (3) [a first-degree misdemeanor] a second tinte, and is convicted of such second separate offense, either at the same term or a subsequent term of court, shall be guilty of a felony of the third degree_” (emphasis supplied).