SHARP, Chief Judge.
Crawford pled nolo contendere to a charge of aggravated battery,[1] and the state nol prossed an attempted murder charge. The public defender informed the court that no assurances had been made to Crawford which were contrary to the possible penalties announced by the court (fifteen years imprisonment and/or a $10,000 fine). The court found the plea was voluntary and that Crawford understood the nature of his plea and its consequences.
Just prior to Crawford’s sentencing hearing, a private attorney assumed Crawford’s representation. Counsel moved for a continuance and a hearing to determine Crawford’s competency both at the time of sentencing and at the time he entered his nolo plea. Counsel also sought a hearing on whether Crawford should be allowed to withdraw his plea because he was misled by the Public Defender as to which bracket his “score” would result in, pursuant to the guidelines.
We think the basis for Crawford’s motion to withdraw his plea is insufficient, as shown by the record. Crawford claims the public defender misled him into thinking the second cell bracket would be applicable instead of the third bracket. However, Crawford was sentenced to 2lk years, which is the maximum of the second bracket and the minimum of the third bracket. Thus, any confusion on Crawford’s part as to the brackets was harmless.
However, we think Crawford’s attorney sufficiently demonstrated grounds to justify both a continuance of the sentencing hearing, and a hearing to determine Crawford’s competency to attend his sentencing hearing and to enter his nolo plea. After Crawford entered his nolo plea, he was placed in a substance abuse program, and when released from it, he attempted suicide by shooting himself in the chest. At the sentencing hearing, his attorney informed the court that Crawford had just left the intensive care unit of a local hospital and was so medicated he did not understand what the court was doing, nor could he adequately assist his attorney.
Under these circumstances, we think the trial court should hold an evidentiary hearing to determine whether Crawford was competent to enter the nolo plea, and to participate in the sentencing hearing. See Trawick v. State, 473 So.2d 1235 (Fla.1985), cert. denied, 476 U.S. 1143, 106 S.Ct. 2254, 90 L.Ed.2d 699 (1986); Brehm v. State, 495 So.2d 253 (Fla. 3d DCA 1986).
VACATE SENTENCE; REMAND.
DAUKSCH and GOSHORN, JJ., concur.

. § 784.045(1)(b), Fla.Stat. (1987).